UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                                          26-CR-43 (JPO)

RAMON MARTINEZ,                                              ORDER
                          Defendant.

J. PAUL OETKEN, District Judge:

On February 3, 2026, a grand jury returned an indictment charging Defendant Ramon

Martinez with possession of a firearm following a felony conviction, in violation of 18 U.S.C.

§ 922(g)(1).  (ECF No. 5.)  On April 2, 2026, Martinez filed a motion to dismiss the indictment

(ECF No. 12), arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment, both facially

and as applied to Martinez (ECF No. 13).

In *Zherka v. Bondi*, the Second Circuit held that § 922(g)(1) is constitutional both facially

and as applied to the defendant, whose predicate felony conviction was only for nonviolent

conduct.  140 F.4th 68, 75-96 (2d Cir. 2025), *cert. denied*, No. 25-269, 2026 WL 135708 (U.S.

Jan. 20, 2026).  "Because legislatures at or near the Founding had the authority to pass laws

disarming large classes of people based on status alone, . . . the Second Amendment does not bar

Congress from passing laws that disarm convicted felons, regardless of whether the crime of

conviction is nonviolent."  *Id.* at 93.

Martinez does not argue that this case is distinguishable from *Zherka*.  Indeed, he

acknowledges that this claim is foreclosed by Second Circuit precedent.  (ECF No. 13 at 3.)

*Zherka* therefore forecloses Martinez's facial and as-applied challenges to § 922(g)(1).  *See, e.g.*,

*United States v. Delgado*, 149 F.4th 244, 249 (2d Cir. 2025), *cert. denied*, No. 25-6732, 2026

WL 642823 (U.S. Mar. 9, 2026).

1

2

Accordingly, Martinez's motion to dismiss the indictment is denied.

The Clerk of Court is directed to close the motion at Docket Number 12.

SO ORDERED.

Dated: April 7, 2026
      New York, New York

_____
J. PAUL OETKEN
United States District Judge